UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Steve Lester, | ) C/A: 4:12-971-TMC-TER |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Perry Correctional Institution; Officer Fish; Officer Alwren; Cpt. Randal, | ) |
| Defendants. | ) |

Plaintiff, Steve Lester, ("Plaintiff"), is a state prisoner in the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC") in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff brings this action under 42 U.S.C. § 1983[1] seeking compensatory damages for the loss of his personal property, which Plaintiff alleges was stolen after Plaintiff was moved to a holding cell in PCI, on April 12, 2010. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned for a report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, *with prejudice*, because it fails to state a claim on which relief may be granted by this Court, and because it is the

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

second complaint filed by Plaintiff in this Court in which he has attempted to bring the same claim against the same Defendants.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As noted above, Plaintiff, a state prisoner in SCDC's PCI, files this § 1983 claim, seeking monetary damages from Defendants in connection with the alleged theft, on April 12, 2010, of Plaintiff's personal property, including clothing and "all [of Plaintiff's] legal papers," after he was placed on lockup. Plaintiff alleges that he discovered the theft when he was released from lockup, on May 13, 2010, and an incident report was written on June 11, 2010, but Plaintiff did not get his property back. Plaintiff alleges that he filed a grievance and has pursued step one and step two grievances within SCDC and an appeal to the Administrative Law Judge Division. Plaintiff alleges

that it has been two years and he is "now in appeal." Plaintiff alleges that a PCI commissary staff member, Miss Humphries, just recently gave him a copy of an incident report from Defendant Randal concerning the stolen property, which Plaintiff had been waiting on for two years. Plaintiff alleges that he is not satisfied with the grievance coordinator's investigation. Plaintiff alleges that Defendants Alwren and Fish were responsible for his property after he was placed in lockup, but that PCI officers never take time to do a proper inventory. Plaintiff alleges that he has been unable to proceed with a pending case against the "Greenville County Courthouse" without all of his legal papers.[2] Plaintiff alleges that he is suing PCI for $300,000 and a new trial. *See* ECF No. 1, p. 3-5.

The claim asserted in the instant case is the same as the claim asserted in a previous § 1983 case which was filed in this Court by Plaintiff against these same four Defendants, on June 9, 2011.[3] The legal and factual issues alleged in the instant complaint - except for the allegation concerning Plaintiff's recent receipt of a copy of the incident report from Miss Humphries - are completely duplicative of the legal and factual issues that were alleged in Plaintiff's previous § 1983 case. In *Lester v. Perry Correctional Institution, et al.*, C/A No. 4:11-1388-TMC-TER (D.S.C.), Plaintiff's complaint was summarily dismissed, without prejudice and without issuance and service of process,

---

[2] It is not clear if Plaintiff's allegation is referring to a state court case or another federal case against the "Greenville County Courthouse." However, if Plaintiff is referring to his federal case of *Lester v. Greenville County Courthouse*, C/A No. 4:11-791-TMC-TER filed on April 5, 2011, the case was summarily dismissed without prejudice and without issuance and service of process based on the fact that the "Greenville County Courthouse" is a building and not amenable to suit under §1983. Plaintiff has failed to properly allege an issue of access to courts. *See Lewis v. Casey*, 518 U.S.343 (1996)

[3] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding).

on October 27, 2011. *See* Order, C/A No. 11-1388, ECF No. 22. Plaintiff appealed this Court's order and judgment to the United States Fourth Circuit Court of Appeals and, on February 3, 2012, the Fourth Circuit affirmed the judgment. *See* C/A No. 11-1388, ECF No. 35. The Fourth Circuit's mandate and judgment were filed in Plaintiff's previous case just last week, on April 3, 2012. *See* C/A No. 11-1388, ECF No. 38.

Plaintiff's Complaint is subject to summary dismissal for the same reasons set forth in the Report and Recommendation issued by the undersigned in C/A No. 11-1388, all of which were adopted and incorporated in the Order of United States District Judge Timothy M. Cain, which summarily dismissed Plaintiff's previous § 1983 claim. Plaintiff's Complaint fails to state a cognizable § 1983 claim for violation of the Due Process Clause of the Fourteenth Amendment. Even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). Plaintiff has a meaningful remedy under South Carolina law to obtain relief for the alleged taking of his personal property, by bringing an action against the State of South Carolina in state court, pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *see also Hudson v. Palmer*, 468 U.S. 517,

4

530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Plumer v. State of Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[4] Hence, the alleged deprivation of Plaintiff's personal property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

In C/A No. 11-1388, it was explained to Plaintiff that his claim for damages for the loss of his personal property did not present a federal cause of action against these Defendants, under § 1983. Although Plaintiff did not file objections to the report and recommendation in the previous case, he appealed the order summarily dismissing the case. The Fourth Circuit affirmed this Court's judgment in C/A No. 11-1388. Now, Plaintiff has brought the same claim against the same Defendants. Plaintiff may not be precluded from asserting this § 1983 claim against Defendants by the doctrine of *res judicata*, because his previous case was summarily dismissed *without prejudice*. However, as the Fifth Circuit Court of Appeals stated in *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), "The District Court clearly had the right to take notice of

---

[4] *Yates* has been partially overruled for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]" *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990). However, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." In the instant case, this Court has now ground the same corn a second time.

### RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *with prejudice. See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*,490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

    s/Thomas E. Rogers, III
    Thomas E, Rogers, III
    United States Magistrate Judge

May 10, 2012
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).